6/20/2026 2:30 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 116391826
By: Jonathan Vela
Filed: 6/22/2026 12:00 AM

2026-41506 / Court: 334

CAUSE NO.: _________

| | | |
|---|---|---|
| **Omar Alberto Benitez Lizama,**<br>*Plaintiff*, | §<br>§ | IN THE DISTRICT COURT |
| | § | |
| *vs.* | § | HARRIS COUNTY, TEXAS |
| | § | |
| **Robert Wayne Thornton,**<br>*Defendant*. | §<br>§<br>§ | _____ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION,**
**JURY DEMAND, AND RULE 193.7 NOTICE**

COMES NOW Omar Alberto Benitez Lizama and files Plaintiff's Original Petition, Jury Demand, and Rule 193.7 Notice complaining of Defendant Robert Wayne Thornton. In support thereof, Plaintiff respectfully shows the Court as follows:

## I. DISCOVERY CONTROL PLAN

1.1 Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.3.

## II. PARTIES

2.1 Plaintiff Omar Alberto Benitez Lizama is an individual who resides in Texas. The last three numbers of Plaintiff's driver's license are XXX. The last three numbers of Plaintiff's social security are XXX.

2.2 Defendant Robert Wayne Thornton is an individual who resides in Pierce County at: 111 South 62nd Street, Tacoma, Washington 98408-7402 *(or any other address where he may be found)*. Service of said Defendant may be effected by serving the Chair of the Texas Transportation Commission by a legal process server at:

W. Alvin New, Chairman
Texas Transportation Commission
125 East 11th Street
Austin, Texas 78701-2483

2.3 The citation should direct the Chair of the Texas Transportation Commission to forward the citation and petition to:

Unofficial Copy Office of Marilyn Burgess District Clerk

Robert Wayne Thornton
111 South 62nd Street
Tacoma, Washington 98408-7402

## III. JURISDICTION & VENUE

3.1 The Court has jurisdiction over this case because the damages to Plaintiff are within the Court's jurisdictional limits. Plaintiff seeks monetary relief over $250,000.00 but no more than $1,000,000.00.

3.2 All or a substantial part of the events or omissions giving rise to this lawsuit occurred in Harris County, Texas. Venue is therefore proper under sections 15.001 and 15.002(a)(1) of the Texas Civil Practice & Remedies Code.

3.3 Plaintiff has satisfied all conditions precedent to the filing of this suit.

3.4 Nothing that Plaintiff did or did not do caused or contributed to the occurrence giving rise to this lawsuit.

## IV. FACTS

4.1 On or about April 11, 2025, Plaintiff was traveling on or around the 2800 block of North Terminal Road, when Defendant Robert Wayne Thornton failed to keep a proper lookout, failed to control the speed of his motor vehicle, failed to yield the right-of-way while exiting a private road, and struck Plaintiff's motor vehicle thereby causing a motor vehicle collision.

4.2 As a result of the collision, Plaintiff sustained and continues to suffer serious and debilitating injuries and property damage for which he now seeks redress.

## V. COUNT 1 – NEGLIGENCE (ROBERT WAYNE THORNTON)

5.1 The incident made the basis of this lawsuit resulted from the improper conduct of Defendant Robert Wayne Thornton. Defendant owed Plaintiff a duty to behave as a person of ordinary prudence would have under the same or similar circumstances. Defendant's conduct constituted negligence as that term is understood in the law and such negligent conduct was a proximate cause of the occurrence, injuries, and damages to Plaintiff now made the basis of this suit. Defendant's acts of negligence include, but are not limited to, the following:

a. Failing to keep a proper lookout;
b. Failing to maintain an assured clear distance between the vehicle and the vehicles in his path;
c. Failing to make a timely and proper application of his brakes;
d. Failing to take evasive action to avoid the collision in question;

Unofficial Copy Office of Marilyn Burgess District Clerk

e. Failing to control speed;
f. Failing to yield the right-of-way while exiting a private drive;
g. Failing to exercise reasonable care to avoid a foreseeable risk of injury to others;
h. Unsafe use of a mobile phone or other similar communications device while driving;
i. Driver inattention; and,
j. Driving recklessly with a willful and wanton disregard for the safety of others.

## VI. <u>COUNT 2 – NEGLIGENCE PER SE (ROBERT WAYNE THORNTON)</u>

6.1 Because Defendant failed to yield the right-of-way when exiting a private driveway, Defendant violated Tex. Transp. Code §545.155 which states:

> VEHICLE ENTERING HIGHWAY FROM PRIVATE ROAD OR DRIVEWAY. An operator about to enter or cross a highway from an alley, building, or private road or driveway shall yield the right-of-way to a vehicle approaching on the highway to be entered.

Defendant has no legal excuse for violating this statute.

6.2 This is a non-conditional statute that Defendant had no legal excuse for violating.

6.3 Texas Transportation Code section 545.155 is a statute designed to prevent harm to drivers and vehicles traveling on public roads.

6.4 Because Defendant's vehicle struck Plaintiff's vehicle, and because Defendant failed to yield the right-of-way when exiting a private road, Plaintiff is of the class of person Texas Transportation Code section 545.155 was designed to protect and his injuries and damages are of the type the Code was designed to prevent.

6.5 Defendant's unexcused violation of Texas Transportation Code section 545.155 proximately caused Plaintiff's injuries and damages.

## VII. <u>DEFENDANT'S FAILURE TO PRODUCE EVIDENCE OF FINANCIAL RESPONSIBILITY</u>

7.1 Texas Transportation Code § 601.051 requires a person to establish financial responsibility for a motor vehicle through an authorized method, most commonly by an insurance policy, and Plaintiff seeks any findings necessary to preserve remedies available under Chapter 601.

7.2 Texas Transportation Code § 601.152 provides a procedure for suspension of a person's driver's license and vehicle registration after a collision if the statutory prerequisites are met, including a finding that there is a reasonable probability that a

Unofficial Copy Office of Marilyn Burgess District Clerk

judgment will be rendered against the person because of the collision.

7.3 Plaintiff requests that, if supported by the evidence, the Court make any finding necessary under Texas Transportation Code Chapter 601 to allow Plaintiff to pursue relief with the Texas Department of Public Safety ("DPS"), including suspension of Defendant's driver's license and vehicle registration if a judge or jury finds Defendant liable for all or any part of Plaintiff's damages and the statutory prerequisites are met.

## VIII. DAMAGES

8.1 As a result of the incident made the basis of this lawsuit described in the preceding paragraphs, and as a direct and proximate result of Defendant's negligence, Plaintiff suffered serious and debilitating injuries in the past and will in all reasonable probability sustain additional damages in the future.

8.2 Plaintiff respectfully prays that the trier-of-fact determine the monetary amount of his damages and losses incurred in the past and the damages and losses he is likely to incur in the future. Upon such determination, Plaintiff further prays that the jury issue a monetary award as compensation for these damages, which should include, but not be limited to, compensation for Plaintiff's:

a. past and future physical pain;
b. past and future mental anguish and suffering;
c. past and future lost wages and lost earning capacity;
d. past and future physical impairment;
e. past and future disfigurement;
f. past and future loss of consortium;
g. past and future loss of household services;
h. past and future inconvenience;
i. past and future fear of disease or condition;
j. past and future medical care expenses;
k. past and future out-of-pocket economic losses;
l. future cost of medical monitoring; and
m. property damage, including but not limited to storage, loss of use, diminution in value, and any remaining payments where less than the full value of repair or replacement was previously tendered.

8.3 Because of all the above and foregoing, Plaintiff has suffered actual damages above the minimum jurisdictional limits of the Court.

Unofficial Copy Office of Marilyn Burgess District Clerk

8.4 Plaintiff seeks prejudgment and post-judgment interest as allowed by law, all costs of court, and all other and additional relief, whether general or special, at law or in equity, to which he may show himself justly entitled.

## IX. Exemplary Damages

9.1 Defendant's acts or omissions described above, including driving recklessly with a willful and wanton disregard for the safety of others and unsafe use of a mobile phone or other similar communications device while driving, when viewed from the standpoint of Defendant at the time of the act or omission, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to Plaintiff and others. Defendant had actual, subjective awareness of the risk involved in the above-described acts or omissions, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiff and others.

9.2 Based on the facts stated herein, Plaintiff requests exemplary damages be awarded to Plaintiff from Defendant.

## X. Jury Demand

10.1 Plaintiff hereby requests and respectfully demands a trial by jury as allowed according to Texas Rule of Civil Procedure 216.

## XI. Rule 193.7 Notice

11.1 Plaintiff hereby gives actual notice to Defendant that any and all documents produced may be used against Defendant at any pretrial proceeding and/or at trial of this matter without the necessity of authenticating the documents as permitted by Texas Rule of Civil Procedure 193.7.

## XII. Designation of Address for Electronic Service

12.1 Pursuant to Texas Rule of Civil Procedure 21a, Plaintiff hereby designates the following email address for electronic service: e-service_david@marcoslaw.com.

## CONCLUSION & PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff against Defendant for: damages in an amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and as allowed by Texas Civil Practice and Remedies Code § 41.008, together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate; costs of court; and such other and further relief

Unofficial Copy Office of Marilyn Burgess District Clerk

to which Plaintiff may be entitled at law or in equity.

Respectfully submitted,

**LAW OFFICES OF MARCOS & ASSOCIATES, PC**

By: ______________________________

**David Ortez**
Texas Bar No. 24088163
10700 North Freeway, Floor 8
Houston, Texas 77037
**Telephone:** 713-528-7711
**Facsimile:** 713-528-7710
**E-Service:** e-service_david@marcoslaw.com
**ATTORNEY FOR PLAINTIFF,**
**OMAR ALBERTO BENITEZ LIZAMA**

Unofficial Copy Office of Marilyn Burgess District Clerk

# Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Zachry Young on behalf of David Ortez
Bar No. 24088163
zyoung@marcoslaw.com
Envelope ID: 116391826
Filing Code Description: Petition
Filing Description: Plaintiffs Original Petition Jury Demand and Rule 193.7 Notice
Status as of 6/22/2026 10:46 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| David Ortez | | e-service_david@marcoslaw.com | 6/20/2026 2:30:34 PM | SENT |

Unofficial Copy Office of Marilyn Burgess District Clerk